UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAHYANA COSME,**
**TIMOTHY GOCKLIN and**
**The Class They Seek to Represent,**

    Plaintiff,

v.

**DELAWARE NORTH**
**AMERICA, LLC, a**
**Foreign Limited Liability Company,**

    Defendant.
_____/

CASE NO.:

Class Action

## COMPLAINT

Plaintiffs DAHYANA COSME and TIMOTHY GOCKLIN, by and through the undersigned counsel, brings this action against Defendant, DELAWARE NORTH AMERICA, LLC, and in support thereof alleges:

### INTRODUCTION

1. This is an action brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981")[1] for racial discrimination and seeks to recover front pay, back pay, compensatory damages, damages for mental anguish and emotional distress, pain and suffering, punitive damages, injunctive relief, equitable relief,

---

[1] Plaintiffs have filed Charge of Discrimination with the Equal Employment Opportunity Commission and will amend this Complaint once a right-to-sue has been issued.

reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled.

## PARTIES

2. Defendant, DELAWARE NORTH AMERICA, LLC ("Delaware North"), is a Foreign Limited Liability Company, licensed and authorized to conduct business in the State of Florida. At all material times hereto, Defendant conducted business in Florida.

3. According to Florida's division of corporations website, Defendant lists its principal address as 3626 North Hall Street, Suite 610, Dallas, Texas 75218. See www.Sunbiz.org

4. Delaware North manages and provides food and beverage concessions, premium dining, entertainment, lodging, and retail at many large venues and special places. These include sports stadiums, entertainment complexes, national and state parks, airports, and casinos. See www.DelawareNorth.com/about

5. Defendant operates and conducts business in Orange County, Florida.

6. Specifically, Defendant operates two restaurants contained within the World Showcase at the EPCOT theme park:

   a. Tutto Italia Ristorante[2] located at 1770 Avenue of the Stars, Lake Buena Vista, Florida 32830; and,

---

[2] https://disneyworld.disney.go.com/dining/epcot/tutto-italia-ristorante/

      b. Via Napoli Ristorante e Pizzeria[3] located at 1510 Avenue of the Stars, Lake Buena Vista, Florida 32830.

7. At all times material to this action, Plaintiffs, and the Class they seek to represent, were "employees" as defined by the laws under which this action is brought.

8. Plaintiffs, and the Class they seek to represent, are from the United States.

9. Plaintiffs, and the Class they seek to represent, as defined under Section 1981, are not of Italian race and/or ancestry, or were perceived by Defendant as not being of Italian race and/or ancestry[4].

10. At all times material to this action, Defendant was and still is an "employer" as defined by the laws under which this action is brought.

11. Plaintiffs are adult individuals who reside within the jurisdiction for the Middle District of Florida.

12. Plaintiffs worked for Defendant in their Tutto Italia Ristorante and Via Napoli Ristorante e Pizzeria locations located within Orange County, Florida.

---

[3] https://disneyworld.disney.go.com/dining/epcot/via-napoli/

[4] For the purposes of Section 1981 claims, race, includes ethnicity. See *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 611 (1987) (noting that in the post-Civil War period numerous ethnic groups were considered to constitute separate "races," including Swedes, Norwegians, Germans, Greeks, Finns, *Italians,* Spaniards, Russians, and Hungarians.) See also *Commodari v. Long Island Univ.*, 89 F. Supp. 2d 353, 374 (E.D.N.Y. 2000), aff'd, 62 Fed. Appx. 28 (2d Cir. 2003) (finding that Section 1981 statute prohibiting discrimination in the making and enforcement of contracts applies to discrimination on the basis of Italian ancestry.)

13. Plaintiffs bring this action on behalf of themselves and all other similarly situated pursuant to Rule 23(b)(3) of the Federal rules of Civil Procedure. There are in excess of fifty (50) former employees who are not of Italian race and/or ancestry, or were perceived by Defendant as not being of Italian race and/or ancestry, who worked for Defendant at Tutto Italia Ristorante and Via Napoli Ristorante e Pizzeria.

## JURISDICTION AND VENUE

14. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving Section 1981.

15. This Court has jurisdiction over Plaintiffs' claims because, at all times material to this Complaint, Plaintiffs worked for Defendant in Orange County, Florida - within the jurisdiction of the Middle District of Florida.

16. The illegal conduct complained of, and the resultant injury occurred, in Orange County, Florida - within the jurisdiction of the Middle District of Florida.

## FACTUAL ALLEGATIONS

17. Plaintiff, DAHYANA COSME, was employed with Defendant beginning on or about January 24, 2022, at Defendant's Via Napoli Ristorante e Pizzeria location.

18. Plaintiff, DAHYANA COSME, received an offer letter outlining the position she was hired for, the restaurant location, and rate of pay. Attached as Ex. A is a copy of the offer letter for Ms. Cosme.

19. Ms. Cosme's offer letter makes no reference to her employment being temporary or seasonal in nature.

20. Plaintiff, TIMOTHY GOCKLIN, was employed with Defendant as a Server beginning approximately November 15, 2022, at Defendant's Tutto Italia Ristorante location.

21. Plaintiff, TIMOTHY GOCKLIN, received an offer letter outlining the position he was hired for, the restaurant location, and rate of pay. Attached as Ex. B is a copy of the offer letter for Mr. Gocklin.

22. Mr. Gocklin's offer letter makes no reference to his employment being temporary or seasonal in nature.

23. In or about late January or early February, 2023, Defendant notified Plaintiffs, and the Class they seek to represent, that their employment will be ending within the next few months.

24. Shockingly, Defendant told Plaintiffs, and the Class they seek to represent, in no uncertain terms, that they were gradually being replaced by "Italian" workers from outside of the country. Specifically, "Italian" students enrolled in Disney's foreign exchange student program(s) would be replacing Plaintiffs and the Class they seek to represent.

25. Defendant even went as far as requiring Plaintiffs, and the Class they seek to represent, to train their replacements.

26. In or about mid-April 2023, Defendant notified Plaintiff Gocklin that his last day of employment would be April 30, 2023. Similarly, Plaintiff Cosme was notified that her employment will be ending on May 1, 2023.

27. Plaintiffs were each provided with a termination letter describing their employment as "temporary." See Composite Ex. C.

28. Ultimately, Defendant terminated Plaintiffs as represented in composite exhibit C.

29. Upon information and belief, there are still a select few employees of Defendant who have yet to be terminated but will be terminated for the same reasons stated above in the near future.

30. Plaintiffs, and the Class they seek to represent, have been treated less favorably in the terms and conditions of their employment due to their race and ancestry or their perceived race and ancestry.

## CLASS ALLEGATIONS

31. The Class which they seek to represent is composed of the following;

> All former employees of Delaware North, as of January 2023, who resigned or were terminated because they were not of Italian race and/or ancestry, or were perceived by Defendant as not being of Italian race and/or ancestry, and who worked at Tutto Italia Ristorante and Via Napoli Ristorante e Pizzeria.

32. Numerous employees have been victimized, or will be victimized, by Defendant's actions – all of which are unlawful under the laws in which this Complaint is brought.

33. Plaintiffs have spoken to many employees subjected to the same treatment as Plaintiffs. Plaintiffs are therefore aware of the illegal practices of Defendant that have been imposed on a distinct class of former employees, or soon to be former employees, of Defendant.

34. Thus, Plaintiffs' experiences are typical of the experiences of other employees that Plaintiffs seek to represent.

35. All members of the Class that Plaintiffs seek to represent received the same letter[5] falsely describing their employment with Defendant as "temporary."

36. There are common questions of law and fact affecting the rights of the members of this Class who are and continue to be limited, classified, and discriminated against in ways which deprive, or tend to deprive, them of equal opportunities for employment and otherwise adversely affect their status as employees of their race and ancestry, or their perceived race and ancestry. The members of this class are so numerous that joinder is impractical. A common relief is sought on behalf of the Plaintiffs and the members of this Class. The interests of the Class are adequately represented by counsel for Plaintiffs and Plaintiffs' class.

37. A class, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

## COUNT I –
## DISCRIMINATION BASED ON
## RACE IN VIOLATION OF SECTION 1981

38. Plaintiff re-alleges and adopts paragraph 1 –37 as though set forth fully herein.

---

[5] There are some class members who resigned prior to April 30, 2023, but after being notified that they would be replaced due to their race and ancestry, or Defendant's perceptions of their race and ancestry.  These employees are proper class members as their resignation was solely due to Defendant's employment practices as alleged in this Complaint.

39. Plaintiffs, and the Class they seek to represent, are members of a protected class under Section 1981 due to their race and ancestry.

40. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiffs, and the Class they seek to represent, on the basis of their race and ancestry in violation of Section 1981.

41. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiffs' federally protected rights.

42. As a direct and proximate result of the discrimination described above, Plaintiffs, and the Class they seek to represent, have suffered and continues to suffer lost wages and benefits, mental anguish, distress, humiliation and loss of enjoyment of life.

**WHEREFORE**, Plaintiffs pray for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay in lieu of reinstatement and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Punitive damages;

    f. Injunctive relief;

    g. Prejudgment interest;

    h. Costs and attorney's fees; and,

    i. Such other relief as the Court may deem just and proper.

PLAINTIFFS hereby demands a jury trial for all issues.

Dated this 1st day of May, 2023.

> **/s/ JAMES J. HENSON**
> James J. Henson, Esq.
> Florida Bar No.: 77476
> **/s/ MATTHEW R. GUNTER**
> Matthew R. Gunter, Esq.
> Florida Bar No.: 77459
> **/s/ ALISON BREITER**
> Alison Breiter, Esq.
> Florida Bar No.: 1003413
> Morgan & Morgan, P.A.
> 20 N. Orange Avenue, Suite 1600
> Orlando, FL 32802
> Telephone (407) 428-6241
> Fax: (407) 245-3342
> Email: jjhenson@forthepeople.com
>     mgunter@forthepeople.com
>     abreiter@forthepeople.com
> *Attorneys for Plaintiff*